56  493<br>107  421

LAKE SUPERIOR SHIP CANAL RAILWAY & IRON CO. v.
TOWNSHIP OF THOMPSON.

*Town records—Highway taxes—Excess refunded.*

1.  Town meeting records should not be technically construed for the purpose of defeating proper action thereon; and where the law requires a majority vote of all electors present, *it seems* to be a sufficient record to state that "it was resolved," etc., without adding that it was by the affirmative vote of a majority of competent voters.

2.  The Highway Law (How. Stat. § 1326) provides that the highway commissioners shall annually report to the township board an estimate of the amount of highway labor that should be assessed on each hundred dollars of valuation *for the year*, and also the money tax to be levied on the same basis according to the assessment roll *for the preceding year*. The township meeting determines, on this report, what amounts shall be levied. (How. Stat. § 1327.) *It seems* that it is not essential that the record of the town meeting shall state in terms that the respective amounts were assessed as the statute requires : it is enough if it appears by reference to the report of the commissioner, which, if not in evidence, is assumed to have been in due form.

3.  A return by the highway commissioner showing a delinquent labor tax is not a necessary preliminary to putting the tax provisionally on the assessment roll, where it can be canceled on presentation of receipts showing payment in labor.

4.  A tax properly levied, but excessive, is void only as to the excess, and in a suit for the amount paid under protest, the excess only will be refunded.

Error to Schoolcraft. (Steere, J.)    Jan. 28.—April 29.

ASSUMPSIT.    Plaintiff brings error.    Judgment modified.

*Ball & Hanscom* for appellant.

*W. F. Riggs* for appellee.

COOLEY, C. J. · The plaintiff, in the year 1883, was owner of lands in the township of Thompson. The whole assessed valuation of that township for the year was $478,722, and for the preceding year $346,837. Plaintiff's land was assessed for 1883 at $52,960, and for 1882 at $38,111. On 'the tax-roll of the township for 1883 a highway tax appeared against the lands of plaintiff of $529.60; and this, together with 1 per cent. for collection fees, was paid under protest. The protest was in writing, as follows:

"*To B. A. Root, Esq., Treasurer of the Township of Thompson, in the County of Schoolcraft, in the State of Michigan:* The Lake Superior Ship Canal, Railway & Iron Company, simultaneously herewith, pay you the sum of five hundred twenty-nine dollars and sixty cents for the money highway taxes assessed during the year 1883 upon the lands of said company, within said township, described in the schedule hereto annexed (and the further sum of five dollars and thirty cents as your fees thereon). But said company hereby protests against said highway tax and assessment, and makes said payments under protest, for the reason and upon the grounds that said tax and assessment exceed fifty cents upon each one hundred dollars of the valuation of said lands, according to the assessment roll for the last preceding year, and are excessive and illegal.
LAKE SUPERIOR SHIP CANAL, RAILWAY & IRON COMPANY.
BY A. P. BONNEY,
*December*, 1883.        Its Secretary and Treasurer."

Within thirty days after the payment plaintiff instituted this suit. The declaration is in assumpsit, and contains two counts: one, to recover back tax moneys illegally exacted, and setting forth specifically the levy of the tax and the grounds of supposed illegality; and one, the common count for money had and received. On the trial plaintiff proved the payment of the tax and the protest. Plaintiff then put in evidence the records of the township meeting for the year 1883, upon which appeared the following in relation to

highway taxes, being all that pertained to that subject : "The report of the commissioner of highways was then read by the clerk, and on motion accepted. On motion it was then resolved that one-half day's labor shall be assessed on each one hundred dollars of valuation of the whole township. Resolved, further, that one-half of one per cent. be raised on all assessable property of the township for highway purposes."

It was further proved that there were but two highway districts in the township in the year 1883, and that, by the returns of the overseer of such districts, it did not appear that any of the lands of the plaintiff in said township were returned delinquent for any highway tax, whether labor tax or money tax, for that year. Upon this evidence it was contended on the part of the plaintiff that the sum so assessed for highway taxes was wholly illegal; and this contention involves an examination of the statutes which confer the power to levy such taxes.

It will be seen that the two resolutions of the township meeting purport to authorize a half per cent. levy in labor, and a half per cent. levy in money. It is not stated in the resolutions whether the levy is to be estimated upon the assessment of 1882 or upon that of 1883; but the levy actually made, if the sum placed upon the roll embraced only what was supposed to be authorized by these votes, was evidently upon the assessment of 1883, which was considerably larger than that of the preceding year. The plaintiff therefore contends that both levies must be considered as made upon the assessment for 1883.

A question is made whether the votes are sufficient in form for any purpose. The statute (How. Stat. § 1327) empowers the township meeting to determine, " by a majority of the electors present and voting,"—*first*, upon the amount of highway labor to be assessed, limited to ½ per cent. upon the assessment for the year; and, *second*, upon the money tax to be assessed, limited to ½ per cent. upon the assessment for the preceding year. The mere statement of a resolve, it is said, is not a sufficient statement that a majority of the electors present and voting had so voted ; but if it were, it would

still be defective for not specifying in terms upon what assessment it was to be estimated.

The records of township meetings must be viewed with some indulgence, for they are made up for the most part by persons without training in the law, and who make no attempt to do more than to express in simple and plain language the township transactions. And when a resolve is entered on such a record as having been adopted, it would be very unreasonable to hold it insufficient because it failed to state in terms that it was adopted on an affirmative vote of a majority of competent voters. The mere statement that "it was resolved," necessarily implies that, and is sufficient. But the objection that the second resolve does not in terms refer to the assessment for 1882, has some plausibility. But in this case the resolve does not stand alone, and, perhaps, as adopted, it may have been perfectly clear in the minds of the electors.

The resolves appear by the record to have followed and been based upon the report of the commissioner of highways. The statute requires the commissioner to make to the township board a report, which is to state, among other things, "an estimate of the amount of highway labor which, in his judgment, should be assessed upon the taxable property of the township for the next ensuing year, not exceeding one-half day's labor nor less than one-tenth day's labor upon each one hundred dollars of valuation for the year;" and also "the improvements necessary to be made in the highways and bridges during the year, and the amount of money tax that should be levied for that purpose beyond what such estimated highway labor will accomplish, not exceeding fifty cents upon each one hundred dollars of valuation according to the assessment roll of the last preceding year." How. Stat. § 1326. Upon this report it is that the electors vote, but they must keep within the limits of the commissioner's recommendation.

The report is not in evidence before us, and we have no knowledge of it beyond the reference to it in the recital preceding the resolves. We must suppose it was in due form, and that its recommendations were such as the statute war-

ranted.  If they were, the estimate for improvement must have been made upon the assessment for 1882 ; and, perhaps, the second resolve, when read in connection, would sufficiently show that the "assessable property of the township" intended by it was the assessable property shown by that assessment.   By itself, the second resolve is, perhaps, ambiguous ; but there is nothing in its terms that would preclude its being referred to the assessment of 1882, if the report upon which it was voted, and the statute which gave power for the vote, both required it.   But, if we assume that the first resolve intends the assessment for 1883 and the second that of 1882, as should be the case in order to comply with the law, there are still difficulties in the case which the plaintiff supposes to be insurmountable.

1. *As to the highway labor tax.*   The evidence shows that there was no return of highway overseers, showing a highway labor tax delinquent.   Formerly such a report was the necessary foundation for any authority in the supervisor to place a labor tax on the tax-roll for collection in money ; but this is no longer the case.   The tax now goes upon the roll in the first instance, and is to be marked off on presentation of receipts showing the payment in labor.  See Act 10 of 1882 (Pub. Acts, p. 39).   The brief for the plaintiff criticises this act as impracticable, and inconsistent with existing provisions of law, in connection with which it must be enforced ; but we discover no fatal defects or conflicts.  We must hold, therefore, that one-half the tax of which the plaintiff complains, and which consists of the labor tax, is not illegal.

2. *As to the money tax.*   If we assume that the other half of the tax was entirely levied under the second resolve, it is plainly excessive, for the supervisor has estimated it by the assessment for 1883, instead of the smaller assessment for 1882.   The difference in the case of the plaintiff's tax would be something like $75.19.   The plaintiff assumes that for this excess the whole tax is void.  But this would be opposed to both the spirit and the letter of the statute, which requires that where an illegality affects the amount of the tax only, the tax shall be sustained so far as it is just and legal.   Pub.

Acts 1882 p. 34, § 85. Assuming the township vote to be proper, this tax is just and legal with the exception of the $75, and ought to be sustained with the deduction. The rule laid down in *Case v. Dean* 16 Mich. 32, that a levy illegal in part is wholly void, and which sometimes operated very unjustly, is inapplicable now; at least, to suits for the recovery of taxes paid. See *Stockle v. Silsbee* 41 Mich. 615.

The judgment will be so far modified as to allow of the recovery by the plaintiffs of $75.19, with costs of this Court, but without costs of the court below.

The other Justices concurred.