94  216
118  557

94  216
125  708

94  216
136  ¹206

94  216
142  ⁴298

94  216
145  ⁴398

## The Township of Caledonia v. Edward Rose.

*Taxes—Failure of board of review to meet—Validity of tax— Curative provisions of law—Jurisdiction.*

1. The curative provisions of the tax law do not apply to jurisdictional defects in the tax proceedings.

2. The provision of the tax law requiring the board of review of a township to meet upon certain specified days for the purpose of reviewing and correcting the assessment roll is mandatory.

3. A tax-payer has the right to assume that the board of review will remain in session the full statutory time, and to arrange to be present on any day he may choose; and if, by reason of the failure of the board to perform this statutory duty, he is prevented from appearing and objecting to his assessment, the tax levied against him thereon is void.

4. The board of review is a tribunal provided by law, in which the tax-payer may appear to contest an unequal or excessive assessment; and his failure so to appear estops him from assailing the assessment afterwards; citing *Bank v. St. Joseph,* 46 Mich. 526; *Williams v. Saginaw,* 51 Id. 120; *Comstock v. Grand Rapids,* 54 Id. 641; *Lumber Co. v. Crystal Falls,* 60 Id. 510.

5. The question whether an assessment is excessive or not is not for the courts to try, the board of review being the only tribunal having jurisdiction of that question; citing *Williams v. Saginaw,* 51 Mich. 120.

Error to Shiawassee. (Newton, J.) Argued November 30, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered here for defendant. The facts are stated in the opinion.

*Walter McBride,* for appellant.

*Selden S. Miner,* for plaintiff.

GRANT, J. This suit was brought to recover a tax of $95.40 assessed against the defendant for the year 1890 upon an assessment of $15,000 personal estate. Verdict and judgment were for the plaintiff.

The board of review of the township met on the Tuesday next following the third Monday of May, continued in session for five consecutive days, and then adjourned *sine die.* It did not meet on the fourth Monday of May, as the statute requires. 3 How. Stat. § 1170*b*8. The circuit judge instructed the jury that, inasmuch as the board did not meet as the law required, plaintiff could not recover, unless they found as a matter of fact that defendant did own the full amount of the property in value spread upon the roll, in which case the assessment, though irregular, would not prejudice defendant's rights.

Defendant resided in the township, but was absent from the State during the week that the board was in session. He knew that the board was required to meet on the fourth Monday in May, and returned home Saturday night, in order to appear before the board of review the following Monday, and protest against his assessment. He went to the place of meeting on Monday, where he found the supervisor, who informed him that the board had adjourned. He then asked to have it reconvened, so that he might appear before it; and present his evidence against his assessment. The supervisor declined to reconvene the board.

The sole question of fact upon the trial was whether defendant owned the amount of property placed upon the roll. The testimony upon this question was conflicting, and the verdict of the jury is conclusive as to the fact. The sole question, therefore, is, did the failure of the board of review to meet at the required time vitiate the tax against the defendant? We think the question settled in favor of the defendant. Cooley, Tax'n (2d ed.), 366, 422, 748, 751; *Slaughter v. Louisville,* 89 Ky. 112 (8 S. W.

Rep. 917); *Woodman v. Auditor General,* 52 Mich. 28; *Avery v. East Saginaw,* 44 Id. 587. This board of review is a tribunal provided by law, in which the tax-payer may appear to contest an unequal or excessive assessment. Failing to appear there, he is estopped to assail the assessment afterwards. *Comstock v. Grand Rapids,* 54 Mich. 641; *Peninsula Iron & Lumber Co. v. Crystal Falls,* 60 Id. 510; *Williams v. Saginaw,* 51 Id. 120; *First National Bank v. St. Joseph,* 46 Id. 526.

It was held in *Williams v. Saginaw* that the question whether an assessment is excessive is not for the courts to try, but that the board of review is the only tribunal to try and determine that question. Defendant was therefore entitled to his "day in court" before that tribunal. The provision of the statute requiring the board to meet upon the days named is mandatory, and it cannot deprive the tax-payer of his hearing there, and thereby force him to a suit at law to obtain redress. Defendant was entitled to assume that the board would remain in session the full length of time provided by the statute, and to arrange to be present any day he chose.

But it is insisted that this case falls within the curative provisions of the statute, and that the verdict of the jury is conclusive that the defendant was not prejudiced by the action of the board. But, as already stated, the court obtained no jurisdiction to test this question. Jurisdictional defects are not covered by these provisions, which are found in 3 How. Stat. §§ 1170i4, 1170i5. Plaintiff cites in support of its contention, *Petrie Lumber Co. v. Collins,* 66 Mich. 64; *Hill v. Graham,* 72 Id. 660; *Michigan Dairy Co. v. McKinlay,* 70 Id. 574. In these cases the property was assessed to the right parties under a wrong name, and the property of the parties who were actually assessed was levied upon under the tax warrant. These cases have no bearing upon the present one. .

Judgment must be reversed, and judgment entered here: for the defendant, with the costs of both courts.

The other Justices concurred.