| 107 | 419 |
| 110 | 226 |
| 107 | 419 |
| 113 | 249 |

HAMILTON & MERRYMAN CO. *v.* TOWNSHIP OF L'ANSE.

1. HIGHWAY TAXES—OVERSEER'S RETURN—AUTHORITY OF SUPERVISOR.

Under 3 How. Stat. §§ 1416, 1423, a verified return of delinquent labor taxes by the overseer of highways is essential to confer jurisdiction upon the supervisor to spread the tax upon the township assessment roll.

2. SAME—CURATIVE PROVISION OF STATUTE.

An omission in this particular, being jurisdictional, is not cured by the provision of section 1424 that "no error or omission of duty on the part of the overseer of highways shall invalidate the highway tax assessed by the supervisor."

3. TAXES—CLOUD UPON TITLE—CONDITIONS TO RELIEF.
    Where a tax has been legally assessed, but there are fatal
        defects in the proceedings for its collection, the levy will be
        set aside as a cloud upon title only on condition of the pay-
        ment of the amount of the tax.

Appeal from Baraga; Haire, J., presiding. Submitted
November 21, 1895. Decided December 17, 1895.

Bill by the Hamilton & Merryman Company and others
against the township of L'Anse to remove a cloud from
the title to lands, arising from an illegal tax levy. From
a decree for complainants, defendant appeals. Decree
modified.

*Irving D. Hanscom,* for complainants.

*Philip R. McKernan (Chadbourne & Rees,* of counsel), for
defendant.

McGRATH, C. J. This is a bill filed to remove a cloud
from the title to lands, arising from a highway tax levied
thereon, which it is alleged was without authority of law.

The highway tax assessed for the year 1893 consisted
entirely of a labor tax. Under the statute, the commis-
sioner apportions the highway labor to the several road
districts, and lists the same; the township clerk makes
duplicate lists, and retains one copy in his office; and the
commissioner delivers the others, with his warrant com-
manding, etc., to the several overseers. 3 How. Stat. §§
1331, 1332. By section 1423, every overseer is required
to render to the commissioner an account in writing,
verified by oath, setting forth, among other things, a list
of all nonresident lands upon which labor has been per-
formed or commuted for; a separate list of all such lands
on which the labor assessed has not been paid, and the
amount unpaid; and a list of all lands and personal
property assessed as resident, for which the owner or
occupant shall not have commuted, or shall have refused
or neglected to work, after being duly notified. The

return is to contain the further statement that the overseer has given the notice required by the act, and that the labor assessed upon the property so returned has not been performed and remains unpaid. Section 1416 requires the commissioner to deposit the return so made with the supervisor, whose duty it is to cause the amount of all arrearages of labor to be levied on the property returned, to be collected in the same manner that the contingent charges of the township are collected, and credited to the district in which the same accrued.

The overseers seem to have simply returned to the commissioner the lists as originally received by them from the commissioner, except that opposite certain of the descriptions there had been entered the letters "Pd." or "Paid" in red ink. The returns were not verified or even signed by the overseer. These returns are in the nature of delinquent tax returns, and are made the basis of the levy by the supervisor. They are the source of the supervisor's authority, and the defect is jurisdictional. *Hogelskamp* v. *Weeks*, 37 Mich. 422; *Upton* v. *Kennedy*, 36 Mich. 215; *Seymour* v. *Peters*, 67 Mich. 415; *Newkirk* v. *Fisher*, 72 Mich. 113; *Township of Caledonia* v. *Rose*, 94 Mich. 216.

It is urged, however, that the omission is cured by the last clause of section 1424, which is as follows: "But no error or omission of duty on the part of the overseer of highways shall invalidate the highway tax assessed by the supervisor on the township assessment roll." It was held in *Lake Superior, etc., Iron Co.* v. *Township of Thompson*, 56 Mich. 493, that formerly the overseer's return was the necessary foundation for any authority in the supervisor to place a labor tax on the roll for collection in money, but that under Act No. 10 of 1882 the tax was to go upon the roll in the first instance, and was to be marked off on presentation of receipts showing payment in labor, and hence the failure of the overseers to make the return was not a jurisdictional defect. It was held in *Michigan Land & Iron Co.* v. *Township of L'Anse,*

63 Mich. 700, that the act of 1882 authorized the supervisor to spread upon the town tax roll, in money, the labor tax as assessed by the commissioner. Section 4 of chapter 2 of the act of 1882 has, however, been since amended, and section 14 of chapter 12 of the same act has been repealed, and the authority to place the unpaid labor tax upon the roll is now derived from 3 How. Stat. § 1416, on the coming in of the overseer's return aforesaid.

The defect here complained of, however, is one arising in the course of the enforcement of the collection of the tax, rather than in the original assessment thereof. The tax was assessed by the commissioner. There is no complaint against that assessment. The tax was a valid claim against complainants. The relief which they pray should at least be conditioned upon payment by them of the amount of the tax.

The decree will be modified accordingly, with costs of this court to defendant.

The other Justices concurred.