AUDITOR GENERAL *v.* CHANDLER.

108  569
f118  557
108  569'
121  667

1. TAXES—PROCEEDINGS TO ENFORCE LIEN OF STATE—NOTICE OF OBJECTIONS—STATUTES—RETROSPECTIVE OPERATION.

Act No. 162, Pub. Acts 1895, in so far as it amends the tax law of 1893 by requiring the service upon the prosecuting attorney of a copy of the objections filed by a contestant in proceedings instituted by the auditor general to enforce the collection of the tax, is not applicable to a case where the. auditor's petition was filed, and the order for hearing made, before the act took effect.

2. SAME—AMENDMENT OF OBJECTIONS—DISCRETION OF CIRCUIT JUDGE.

Allowing a contestant, after the day fixed for the hearing of the auditor general's petition, to file a supplemental list of lands, which simply states more in detail the objections originally filed, is a discretionary act on the part of the trial judge, which will not be reviewed.

3. SAME—BOARDS OF REVIEW.

The provision of the tax law requiring township boards of review to meet upon certain specified days for the purpose of reviewing and correcting the assessment roll is mandatory, and a taxpayer has the right to assume that the board will remain in session the full statutory time, and to arrange to be present any day he may choose; and if, by reason of the failure of the board to perform this statutory duty, he is prevented from appearing and objecting to his assessment, the tax levied against him thereon is void.

Appeal from Cheboygan; Adams, J. Submitted January 16, 1896. Decided March 11, 1896.

Petition by the Auditor General for the sale of lands delinquent for taxes. From a decree setting aside certain taxes upon objections filed by Merritt Chandler, petitioner appeals. Affirmed.

*Victor D. Sprague*, Prosecuting Attorney (*George W. Bell*, of counsel), for petitioner.

*Shepherd & Reilley*, for defendant.

MOORE, J. This proceeding is an attempt to collect the taxes, interest, and charges claimed to be due upon the lands of the defendant for the year 1893 and previous years. The auditor general's petition was filed July 26, 1895. July 27, 1895, the court ordered a hearing on that petition, to be heard September 17, 1895, at the opening of court. September 13, 1895, proof of publication of the order and petition was filed. September 17, 1895, the defendant filed his objections to the taxes, only one of which it is material to consider here. That is, "The board of review in the township did not hold its sessions at the time or times provided by law, and for that reason defendant was prevented from making his objections to them." The defendant did not serve any copy of his objections upon the prosecuting attorney prior to September 17th. Subsequent to the 17th of September the defendant was allowed, against the objection of counsel for petitioner, to file a supplemental list of the lands upon which were assessed the taxes he desired to contest. The counsel for the petitioner objected to the court's hearing the objections of the defendant: *First*, because he had not served a copy of them on the prosecuting attorney in season; *second*, because the supplemental list of lands filed by the defendant was filed too late. These objections were overruled, and upon a hearing the trial court held the taxes were improperly levied and were invalid. The record discloses that the township board of review met on the fourth Monday in May, as required by law; that no one appeared before it; that it then adjourned without day;

that on Tuesday the defendant appeared at the house of the supervisor, the place where the board of review should have been in session, and learned that it had adjourned. One member of the board lived 2½ miles away, and the other 12 miles away. It is claimed the supervisor offered to call the board together the following day, and was told by Mr. Chandler that he had other engagements.

The first important question is, had the court the right to hear defendant's objections, when he had not served a copy of them upon the prosecuting attorney, as required by the law of 1895 ? The petition of the auditor general was filed, and the order of the court fixing a time for the hearing upon the petition was made, before the law of 1895 took effect. The order recited, as required by Act No. 206, Pub. Acts 1893, " that all persons interested in such lands, or any part thereof, desiring to contest the lien claimed thereon,  *  *  *  shall file with the clerk  *  *  *  their objections thereto, on or before the first day of the term." This was done by the defendant. The law of 1893 did not require a copy of the objections to be served upon the prosecuting attorney. The amendment of 1895 did not provide that it should affect pending proceedings. In the absence of any expression of intent on the part of the legislature to have the amendment affect pending proceedings, we think it would be inequitable and unjust to give the statute that construction. See *Clark* v. *Hall,* 19 Mich. 356; *Smith* v. *Auditor General,* 20 Mich. 398; *Auditor General* v. *Monroe County Supervisors,* 36 Mich. 70. The allowance of the filing of the supplemental list of lands, which simply stated more in detail the objections originally filed, was a discretionary act upon the part of the trial judge, which we will not review, and it was a proper amendment to allow. *Auditor General* v. *Jenkinson,* 90 Mich. 526.

The only other question necessary to pass upon is, what is the effect of the failure of the board of review to remain in session as the law required? The statute provides that "said board of review shall meet at the office

of the supervisor on the fourth Monday in May, at nine o'clock in the forenoon, and continue in session during the day and the day following," and that its sessions shall continue at least six hours a day. Section 30, Act No. 206, Pub. Acts 1893. The construction of this or a similar provision of the statute is not an unfamiliar proceeding in this court. See *Avery* v. *East Saginaw*, 44 Mich. 587; *First Nat. Bank* v. *St. Joseph*, 46 Mich. 526; *Williams* v. *Saginaw*, 51 Mich. 120; *Peninsula I. & L. Co.* v. *Township of Crystal Falls*, 60 Mich. 510. In *Township of Caledonia* v. *Rose*, 94 Mich. 216, it was held that—

"The provision of the statute requiring the board to meet upon the days named is mandatory, and it cannot deprive the taxpayer of his hearing there, and thereby force him to a suit at law to obtain redress. Defendant was entitled to assume that the board would remain in session the full length of time provided by the statute, and to arrange to be present any day he chose."

The decree of the court below is affirmed, without costs.

The other Justices concurred.