110   223
113   249

## AUDITOR GENERAL *v.* LONGYEAR.

1. TAXES—EQUALIZATION—VALIDITY.

   The provision of the general tax law that the board of supervisors shall examine the assessment rolls of the several townships, and ascertain whether the relative valuation of the "real" property has been uniformly .estimated, and, if they find such valuation to be unequal, shall equalize the same by adding to or deducting from the valuation of the "taxable property" in any township such an amount as will produce an equal valuation of the "real" property in the county, is substantially complied with where additions are made to the valuations of the real property in some townships, and deductions are made in other townships, and the valuations so obtained are added to the valuations of the personal property.

2. SAME—TOWNSHIP MEETING—PRESUMPTION OF REGULARITY.

   A township record showing a vote of highway and contingent taxes upon the day of the annual township meeting sufficiently shows that the action taken was that of the electors, and it will be presumed that it was taken at the time provided by the statute. 1 How. Stat. § 710.

3. SAME—HIGHWAYS—OVERSEER'S RETURN.

   Under 3 How. Stat. § 1424, providing that no error or omission of duty on the part of the overseer of highways shall invalidate the highway tax assessed by the supervisor, an informality in the overseer's return will not defeat a proceeding by the auditor general to collect the tax by a sale of the land.

4. SAME—DE FACTO OFFICER.

   A tax will not be held illegal in a proceeding for the sale of land therefor, on the ground that the deputy township treasurer, who made the return, was not a resident of the township, where the township treasurer was a resident, and the deputy was in fact appointed, and was an officer *de facto*.

Appeal from Baraga; Hubbell, J. Submitted June 10, 1896. Decided July 21, 1896.

Petition by Stanley W. Turner, Auditor General, for the sale of certain lands delinquent for the taxes of 1893. From a decree for petitioner, John M. Longyear and others appeal. Affirmed.

*William K. Haviland*, Prosecuting Attorney (*Philip R. McKernan*, of counsel), for petitioner.

*Irving D. Hanscom*, for defendants.

MONTGOMERY, J. This is an appeal from a decree in favor of the State, providing for the sale of lands of the appellants for taxes assessed in the county of Baraga in the year 1893. The questions discussed in the brief of counsel will be considered in their order.

1. It is contended that the State and county taxes should not be allowed, for the reason that there was no proper equalization. The record of the board of supervisors shows that the supervisors of the several townships presented their assessment rolls, containing a statement of the real estate assessed and of personal property assessed in the respective townships. Thereupon a resolution was adopted, as follows:

" *Resolved*, that the assessment rolls of the various townships in this county be, and the same are hereby, corrected and equalized by deducting from the real estate of the township of L'Anse the sum of $148,120, and by adding to the real estate of the township of Baraga the sum of $29,885, and by deducting from the real estate of the township of Arvon the sum of $5,165, and by adding to the real estate of the township of Spurr $40,800, and by deducting from the real estate of the township of Covington the sum of $10,080."

Another resolution followed:

" That the assessment rolls of each township in the county, as now equalized and corrected, be, and they are hereby, approved, and we do hereby declare and determine that the aggregate value of the taxable property of each township in the county for the year 1893, for the assessment of the county tax, be as follows."

This is followed by a table, with the names of the townships and the amount of assessment opposite each. Another resolution was adopted "that the equalization of taxable property for the assessment of State taxes be as follows," which was followed by the same table.

The statute requires the supervisors to—

"Examine the assessment rolls of the several townships, wards, or cities, and ascertain whether the relative valuation of the *real* property in the respective townships, wards, or cities has been equally and uniformly estimated. If, on such examination, they shall deem such valuation to be relatively unequal, they shall equalize the same by adding to or deducting from the valuation of the *taxable property* in any township, ward, or city such an amount as, in their judgment, will produce relatively an equal and uniform valuation of the *real* property in the county, and the amount added to or deducted from the valuation in any township, ward, or city shall be entered upon the records. They shall also cause to be entered upon their records the aggregate valuation of the taxable real and personal property of each township, ward, or city in their county, as determined by them." Act No. 206, Pub. Acts 1893, § 34.

It is difficult to conceive what of these provisions has not been complied with. It is said that what the board did was to add to or deduct from the *real estate*, without reference to the total taxable property. This is overtechnical. Whatever addition or deduction is made, is made on account of undervaluation or overvaluation of real estate. The resolution shows this,—shows the amount added to or deducted from the valuation of the real estate in each township; and the subsequent resolution shows the amount of taxable property determined by the board of supervisors as subject to assessment in each township. The two resolutions together, therefore, show the amount of taxable property in each township, and the amount deducted from or added to the amount stated in the tax roll in each township, and it shows this none the less because it is stated that the deduction is made on account

of the real property valuation, which is the exact fact. It cannot affect the question that the deduction is made from the real property, and the real property so equalized is then added to the personal, and the total stated, instead of adding the real property and personal as assessed, and then making the same deduction. The result in figures is precisely the same. The equalization was valid.

2. It is next contended that the township taxes should not be allowed, for the reason that the records of the township do not show whether the vote to raise the township taxes was submitted at the proper time. The record of the vote is as follows:

"APRIL 3, 1893.

"Proposed and carried that there shall be one-half of one per cent. raised for highway money.

"Proposed and carried that we raise one thousand dollars for contingent fund."

This is the way the record stood when originally made, but it has since been amended to show that this vote was taken at the annual township meeting. We think that the record, although informal, bearing date the day of the annual township meeting, is a sufficient record to show that action was taken by the electors, and that it should be presumed that the action was taken at the time provided by statute.

3. Complaint is also made of the allowance of the highway labor tax. The return of the overseer of highways was informal, but, as was said in the case of *Hamilton & Merryman Co.* v. *Township of L'Anse*, 107 Mich. 419, it was a proceeding taken in the course of the enforcement of the collection of the tax, rather than in the original assessment thereof. The tax was assessed by the commissioner. This being so, it is an informality or neglect of duty by the overseer; and section 1424, 3 How. Stat., provides that no error or omission of duty on the part of the overseer of highways shall invalidate

the highway tax assessed by the supervisor on the township assessment roll.

4. The suggestion is also made that the deputy township treasurer, who made the return, is not a resident of the township, and that therefore his appointment was void. The treasurer himself resided in the township, and the deputy was in fact appointed, and was an officer *de facto*. We think the title to his office cannot be tried in this proceeding.

The decree will be affirmed, with costs.

The other Justices concurred.