### WRIGHT *v.* AUDITOR GENERAL.

Taxes—Boards of Review—Sufficiency of Meeting.

Under section 30 of the tax law of·1893, requiring township board of review to meet on the fourth Monday in May, at 9 o'clock in the forenoon, and continue in session during that. day and the day following, the failure of the board to meet until the second of the specified days will not avoid the tax, although the landowner appeared on the preceding day, and claims to have been unable to attend thereafter.

Appeal from Ogemaw; Sharpe, J.   Submitted October 20, 1898.   Decided November 15, 1898.

Bill by David Wright and another against the auditor general and others to restrain the collection of certain taxes.   From a decree for defendants, complainants appeal.   Affirmed.

*McDonell & Hall*, for complainants.

*Albert E. Sharpe*, for defendants.

Moore, J.   Complainants filed a bill to restrain the collection of certain taxes, and have appealed from a decree made against them by the trial court.   The complainants are owners of a good many descriptions of land situated in various townships.   For the purpose of having their lands properly assessed, they sent their agents, who were well acquainted with values, to attend the meeting of the board of review, whose duty it was to meet upon the fourth Monday of May at the office of the supervisor.   They arrived at the office about 12 o'clock, and remained until about 3 o'clock.   No member of the board of review was present during that time, and the board were not assembled as a board that day.   These men were informed that the supervisor was absent from home, and

would not return for some days. They examined the assessment roll, and prepared a list of the lands assessed to the complainants, and set opposite each description what they regarded as its value for assessment purposes, which list they left at the office of the supervisor. Attached to the list was a written protest against any higher assessment than the values which they had put upon the lands. No one appeared at the office of the supervisor on behalf of complainants after this. It was claimed that it was necessary for the agents of the complainants to spend all of the remaining portion of the day, and the following day, with other boards of review. The record shows that the supervisor was called from home on the preceding week by the illness of his mother. He did not reach home until Monday night. He convened the board of review Tuesday morning, and it remained in session during all that day. It had the list prepared by plaintiffs' agents before it, and passed upon the assessments. It was the opinion of the circuit judge that there was an opportunity for the complainants to appear before the board of review, and that the assessment was not void.

The complainants insist that the failure of the board of review to meet on the first day fixed by law voids the tax, and cite, in support of that proposition, *Township of Caledonia* v. *Rose*, 94 Mich. 216; *Auditor General* v. *Chandler*, 108 Mich. 569. There is language used in these opinions which justifies the claim of the solicitors, but the language was not necessary to the disposition of the cases. In the first case the owner of the land appeared at the place of the meeting, on Monday, to protest against his assessment, and was told by the supervisor the board had adjourned. He asked it to be reconvened. This was refused by the supervisor, and the board was not again in session. In *Auditor General* v. *Chandler* the landowner appeared at the house of the supervisor on Tuesday, and learned from the supervisor the board had adjourned without day. It will be seen that in both of these cases there was no opportunity for the owner of the

land to have a hearing before the board of review, though he had been diligent in his effort to have a hearing. In this case there was an opportunity for a hearing upon one of the days fixed by law for the hearing. The legislature undertook to provide for such a contingency as occurred here. Section 28, Act No. 206, Pub. Acts 1893, provides for a board of review consisting of three members, a majority of whom shall constitute a quorum. Section 30 provides that the board of review shall meet at the office of the supervisor on the fourth Monday in May, at 9 o'clock in the forenoon, and continue in session during the day and the day following. Section 32 provides that if, from any cause, a quorum shall not be present at any meeting of the board of review, it shall be the duty of the supervisor, or, in his absence, any other member of the board, to notify any absent member to attend at once, and makes it the duty of the member so notified to attend without delay. It also provides that if, from any cause, the second meeting of the board shall not be held at the time fixed therefor, it shall meet the following Monday. Would it be claimed that, under these provisions of the statute, if the board, because of the sickness of some of its members, or illness in their families, or for any other cause, did not convene in the forenoon, it would void the tax even though it was in session in the afternoon? We think this is too narrow a construction to put upon the law. The landowner has a right, up to the last moment fixed by law, to be heard in relation to his assessment, and he cannot be deprived of that right; but where the board, though it may be late in convening, meets during the time fixed by law, and remains in session until the time fixed by law is ended, and has been in session long enough to permit all persons desiring to appear before it to be heard, and to pass intelligently upon the protests, it cannot be said the landowner has not had his day in court.

The decree is affirmed, with costs.

The other Justices concurred.