TOWNSHIP OF HAMPTON *v.* WESPINTER.

TAXATION—BOARD OF REVIEW—TIME OF MEETING—STATUTES—ASSESSMENT.

> In an action to recover taxes assessed against the defendant on personal property, the trial court was not in error in directing a verdict for the defendant upon the ground that defendant was not given sufficient opportunity to present his objection to the tax before the board of review, where the evidence tended to show that, on the last day fixed by statute for a meeting of the board, defendant's agent attended at the office of the town clerk, where he remained from about 2 o'clock until 2:30, that no member of the board was present during that time, the office was locked and no one was present and no notice posted to advise the public at what time the adjourned meeting, if any, would take place. 1 Comp. Laws, § 3853; Act No. 226, Pub. Acts 1907 (1 How. Stat. [2d Ed.] § 1798).

Error to Bay; Collins, J. Submitted November 11, 1914. (Docket No. 27.) Decided March 18, 1915.

Assumpsit by the township of Hampton against Ida Wespinter for the collection of a personal property tax. Judgment for defendant. Plaintiff brings error. Affirmed.

*Kinnane & Lane*, for appellant.

*Cooley & Hewitt*, for appellee.

MCALVAY, J. This was an action in assumpsit, brought in justice's court in the county of Bay, by the plaintiff, to recover the amount of $70.72, taxes assessed upon $5,500 personal estate in said township, by the supervisor against defendant. The tax was not paid and was returned as delinquent to the county treasurer, who issued a warrant to the treasurer of the township for its collection. Defendant pleaded the general issue to the declaration and gave notice of special defenses, the material one of which was, in substance, that the board of review of the township of Hampton did not sit the required time for review of the assessment roll of said township as provided by law, and defendant was given no reasonable opportunity to appear before it and be heard. The case was first tried in justice's court, then appealed to the circuit court, where a trial was had before a jury. This trial resulted in a verdict against the plaintiff, upon which a judgment was entered in due form, including costs to be taxed. Plaintiff has removed the case to this court for review upon a writ of error asking for a reversal upon errors assigned.

The principal question in the case is whether defendant was given a reasonable opportunity for appearing before the township board of review and objecting to her assessment in question. The facts are that on the last day provided by law in which the board of review is required to be in session for the purpose of reviewing and correcting the assessment roll, defendant's agent in her behalf went to the town clerk's office where the sessions of the board were to be held, for the purpose of examining, correcting, and reviewing her said assessment, at 2 o'clock in the afternoon, and found said office securely locked; that

the board was not in session and no member of the board was at this place, or in its vicinity; that he remained there until after half past 2 o'clock and nobody appeared; that no notice was posted upon the door to give information as to an adjournment of such meeting, and nobody was at or in charge of the building to give information as to the meeting or the whereabouts of the members of the board; that he went away because business called him to another township to attend a board of review. In the present case all of the evidence agrees that the board was absent from the place of meeting on this last day for hearing complaints from 12 o'clock, noon, until 2 p. m., with the door locked and no one present to give information. Under the evidence of defendant, which must be taken as true for the purpose of plaintiff's contention, the absence of the board continued until after 2:30 p. m. All of the members of the board, except one, had gone from this township to Bay City for dinner, either upon an interurban car or by other conveyance. One member lived in the village and went to his home, not a great distance away. The key was in the possession of the supervisor, who went to Bay City, and the office could not be opened until his return. As to how long the board was absent and the office locked was a question of fact properly submitted to the jury, which found in favor of defendant. During this absence of the board, without notice, from its place of meeting, the defendant's agent appeared at the place of meeting, where he remained until after 2:30 o'clock, and, not being able to enter or find any person to give him information, as above stated, went about his business to another township. The claim of defendant is that she was thereby unlawfully deprived of a hearing before the board of review. The statute in force at the time providing for this meeting of boards of re-

view in townships each year, being section 3853, 1 Comp. Laws, as amended by Act No. 326, Pub. Acts 1907, reads:

"Sec. 30.   Said board of review shall also meet at the office of the supervisor on the second Monday in June at nine o'clock in the forenoon, and continue in session during the day and the day following.   Such board shall continue its session at least six hours each day, and at the request of any person whose property is assessed thereon or of his agent, and on sufficient cause being shown, shall correct the assessment as to such property, in such manner as in their judgment shall make the valuation thereof relatively just and equal."

This section has frequently been before this court for consideration and in all of the decisions where it has been construed the court has held without exception that the property owner is entitled to a hearing before the board of review, and if he is deprived of it, the assessment is invalid.

In *Township of Caledonia* v. *Rose,* 94 Mich. 216 (53 N. W. 927), and in *Auditor General* v. *Chandler,* 108 Mich. 569 (66 N. W. 482), where the board of review had adjourned at the end of the first day and did not hold any session on the second day, it was held that such action deprived the taxpayer of his hearing under this statute, and in both cases the court said:

"The provision of the statute requiring the board to meet upon the days named is mandatory, and it cannot deprive the taxpayer of his hearing there, and thereby force him to a suit at law to obtain redress. Defendant was entitled to assume that the board would remain in session the full length of time provided by the statute, and to arrange to be present any day he chose."

The contention of appellant, relying upon the decision of this court in *Wright* v. *Auditor General,* 118 Mich. 556 (77 N. W. 11), is that defendant's agent in the instant case had ample opportunity to attend the

meeting of the board of review on the afternoon of that day after the board returned. The facts and circumstances surrounding that case were different from those in either of the cases cited *supra,* or in the case at bar. In the opinion itself the court recognized that it was an exceptional case, saying, "The legislature undertook to provide for such a contingency as occurred here." This was where the absence of the supervisor from home, caused by the illness of his mother, prevented the meeting. That decision is based upon the provisions of section 3855, 1 Comp. Laws:

"If from any cause the second meeting of such board of review herein provided for is not held at the time fixed therefor, then and in that case it shall meet on the next Monday thereafter, and proceed in the same manner and with like powers as if such meeting had been held as hereinbefore provided."

The legislative intent was, doubtless, to provide for a contingency brought about by a sufficient cause, such as sickness, sudden death, or other serious and unforeseen occurrence. There is no claim in this case that there was any such contingency. In the *Wright Case, supra,* the doors of the office were not locked. Those who desired their assessments reviewed had access to the office where the meeting was to be held, were informed of the contingency which had occurred on account of which no meeting was held, were given the assessment roll, which was examined by them, and filed lists of their property with the amount of assessment they considered proper and a protest against any higher assessment than such values. Knowing why a meeting was not held these parties made no further attempt to attend a meeting. In the instant case the notice that the board of review would be in session on that day was posted upon the locked door of the clerk's office. No indication of any kind was

185 Mich.—3.

given that any contingency had arisen which, under the statute, would warrant the adjournment of the board, or a further meeting to be called under the statute. No opportunity of any kind was given to defendant's agent to obtain information. The construction contended for by plaintiffs, carried to its logical conclusion, is that the board might have remained away until 6 o'clock in the afternoon as well as until after 2:30 o'clock and then returned to the office and convened in session. The decision in that case will not and was not intended to bear any such construction, nor was it meant to overrule the cases of *Township of Caledonia* v. *Rose,* and *Auditor General* v. *Chandler,* cited *supra,* and decide that the taxpayer could not arrange to be present on any one of the days provided by law for the board of review to meet he might choose, except at his peril. That case, as already stated, was based upon the statute in which the legislature provided that if for sufficient cause the second meeting was not held at the time fixed therefor, the review could be had on the following Monday and the assessment roll saved from invalidity.

In the instant case we express no opinion upon the question of the validity of a noon adjournment of two hours, for the reason that the charge of the court upon that question, leaving it a question of fact to the jury whether the board was absent a material length of time beyond the two hours, was as favorable as plaintiff was entitled to. Our conclusion is that defendant, by the absence of the board of review for the length of time and under the circumstances shown by this record, was deprived of her day in court before the tribunal provided by law and to be heard relative to her assessment.

The provision of the statute requiring the board to meet upon the days named is mandatory. There is no claim that this board was prevented from being in

session for any reason within the meaning of the statute.

No other questions require consideration.

The judgment of the circuit court is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.