## The People of the State of Illinois ex rel. Nancy S. Tilden, Appellee, v. J. J. Massieon, Mayor, and City Council of Peru, Illinois, Appellants.

### Gen. No. 6,356.

1. APPEAL AND ERROR, § 205*—*when constitutional question may be raised on appeal.* While, where a party makes no objection in the trial court in a civil action that he is deprived of his rights by an unconstitutional law, the question cannot be raised on appeal, yet, where a petition for a mandamus to compel the mayor and city council of a city to approve a certain plat of an addition to the city was pending on appeal to the Appellate Court at the time, June 29, 1915, section 62 of the Revenue Act (Cal. Ill. St. Supp. 1916, ¶ 9280) was amended, which that court held was not then in question as to its effect before the court, *held* that such petitioner, whose petition was thereafter granted on demurrer thereto, could raise the question, on appeal from the granting of such petition, of the constitutionality of such amendment.

2. MANDAMUS, § 15*—*when should not issue.* Mandamus should not issue upon a state of facts existing when the petition was filed if such state of facts had ceased to exist when final judgment was rendered.

3. APPEAL AND ERROR, § 200*—*when constitutional question not involved.* The Act of June 29, 1915, amendatory of section 62 of the Revenue Act (Cal. Ill. St. Supp. 1916, ¶ 9280), as to survey and platting of lots and approval by a city of a new subdivision, had no application to a petition then pending on appeal in the Appellate Court for a writ of mandamus to compel the mayor and city council of a city to approve a certain plat, and no question as to the constitutionality of that act would be presented in such case.

4. APPEAL AND ERROR, § 1725*—*power of Appellate Court to review own decisions.* The Appellate Court has no power to review its own decisions.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

CHARLES W. HELMIG, for appellants.

McDOUGALL & CHAPMAN and HOBERG & HOBERG, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Carnes delivered the opinion of the court.

This is an appeal by the respondents in a mandamus proceeding. A petition in the name of the People on the relation of Nancy S. Tilden was filed in the Circuit Court of La Salle county, March 31, 1914, to compel the mayor and city council of Peru to approve a plat of an addition to said city. In December, 1914, the trial court sustained a general demurrer to the petition and entered final judgment against the petitioner, from which judgment an appeal was prosecuted to this court where the judgment was reversed and the cause remanded, and opinion filed May 24, 1916 (200 Ill. App. 86). We there reviewed sections 1, 2, 3 and 5 of the Plats Act (chapter 109, Rev. St. J. & A. ¶ 8517-8521) providing the manner in which such plats should be made and recorded, the effect of the acknowledgment and recording of the plat, and making it a penal offense to sell any lot in any city or addition without complying with the provisions of the act, and section 5 of the Cities, Villages and Towns Act (chapter 24, art. X, Rev. St. J. & A. ¶ 1504) providing for approval by municipal authorities of such plat, and section 13 of the Recorder's Act (chapter 115, Rev. St. J. & A. ¶ 9110) making it a penal offense for any recorder to record such a plat until the same shall have been approved by the legislative authority of such municipality, and concluded that the petition, which we set out in full in the opinion, showed a compliance by the relator with all the duties imposed upon her, and that under the statute as it existed when the petition was filed and when final judgment was entered thereon, if the allegations in the petition were admitted, a duty rested on the respondents to approve the plat. That opinion may be read for a more complete and detailed statement of what was there involved and then decided.

Meantime (June 29, 1915), the Legislature amended

section 62 of our Revenue Act (Cal. Ill. St. Supp. 1916, ¶ 9280), leaving the section as it theretofore stood down to the word "Provided," and adding the matter after that word. It now reads as follows:

"In all cases where any tract or lot of land is divided in parcels, so that it cannot be described without describing it by metes and bounds, it shall be the duty of the owner to cause such land to be surveyed and platted into lots. Such plat shall be certified and recorded. The description of real estate, in accordance with the number and description set forth in the plat, aforesaid, shall be deemed a good and valid description of the lot or parcel of land so described: *Provided,* that hereafter no new subdivision of any tract of land, lots or blocks shall be approved by a city, town, incorporated town or village officer, unless all redeemable sales for unpaid taxes or special assessments have been redeemed and all forfeited taxes or special assessments have been paid as required by law, and before any recorder of deeds files and records or any city, town, incorporated town or village officer in charge of such matters approves any plat or new subdivision, vacation, or dedication submitted, he shall require that a statement from the county clerk be endorsed upon any such proposed plat of new subdivision, vacation or dedication to the effect that the county clerk finds no reasonable tax sales or unpaid forfeited taxes against any of the real estate included in such plat."

It will be seen that this section before the amendment referred to lands generally without special reference to lots and blocks in cities, towns and villages. The amendment is directed especially to tracts of land in such corporations and in terms imposes an additional duty on owners platting such lands and forbids the approval by the corporate officers and the record by the recorder if that duty is not performed. This amendment of the Revenue Act was called to our attention while the former appeal was pending in this

court. We concluded that the question of its effect was not before us, and remanded the cause with no direction or expression of opinion as to its bearing on the decision of the case.

The cause was reinstated in the court below where the general demurrer to the petition theretofore filed was overruled. The respondents standing by their demurrer a peremptory writ of mandamus was ordered commanding them to pass a proper ordinance in due form approving the plat.

Appellants contend that because of said amendment to the Revenue Act it is beyond their power to comply with the order of the court. Appellee answers that said amendment should not be construed as effecting the statutory provisions in other acts above referred to, and should not be given a retroactive effect, but if it is so construed then it is, in effect, an amendment of those statutes and unconstitutional and void in violation of section 13 of article IV of the Constitution, which provides that no law shall be revived or amended by reference to its title only but the law revived or the section amended shall be inserted at length in the new act.

If the validity of a statute or a construction of the Constitution is involved, the appeal should have been taken to the Supreme Court under section 118 of our Practice Act (J. & A. ¶ 8655), and under section 102 of the Practice Act (J. & A. ¶ 8639) it would be our duty to transfer the cause to that court. We must therefore determine whether a constitutional question is involved. It must really exist and be presented in the case, and be one that has not been previously settled. *Burns v. Illinois Cent. R. Co.*, 258 Ill. 302. Although such question is raised, still if the decision must be the same whichever way it is answered, it is not considered involved. *Curtis Pub. Co. v. City of Chicago,* 273 Ill. 373, 375; *Rittenhouse & Embree Co. v.*

*F. E. Brown & Co.*, 254 Ill. 549. The constitutionality of a statute will not be determined when the cause in which its determination is sought may be fully disposed of without such determination. *Illinois Cent. R. Co. v. Chicago & G. W. Ry. Co.*, 246 Ill. 620, 624. But if it is necessary for an appellant to show both the constitutionality and application of a statute, he may maintain his appeal in the Supreme Court, even though that court finds it unnecessary to pass on the constitutional question. *Barrett Mfg. Co. v. City of Chicago*, 259 Ill. 578; *Rittenhouse & Embree Co. v. F. E. Brown & Co., supra.* It is also the general rule where no objection is made in the trial court by a party to a civil case that he is deprived of his right by an unconstitutional law it cannot be raised on appeal. *Mechanic's Sav. Ass'n v. People*, 184 Ill. 129; *Chiniquy v. People*, 78 Ill. 570; *Pearson v. Zehr*, 125 Ill. 573; and *People v. Harrison*, 223 Ill. 540.

We do not see that appellee had any occasion to raise a constitutional question in the court below. She obtained a judgment in her favor on the face of her pleading. There is nothing in the record to show that appellants asked the trial court to consider the amendment in question, and of course nothing to show whether the trial court considered that amendment as applicable to this case, and if he did, whether he regarded it within the power of the Legislature to enact. In this respect the case differs from those in which there is a trial by the court without a jury, with opportunity to the parties to present propositions of law to be held or refused and thus indicate on what theory of the law the court acted. We are inclined to the opinion that appellee can be heard to raise that question on appeal, and if it is a controlling question we should transfer the case to the Supreme Court.

If the amendment is held valid and applicable to cases pending, it seems to us controlling and that the

peremptory writ should not have been ordered. It is
well settled that the writ should not issue upon a state
of facts existing when the petition was filed if that
state of facts has ceased to exist when the final judg-
ment is rendered. 26 Cyc. 146. Or where the act
would be unauthorized or illegal. Id. 150. Or is be-
yond the possibility of performance. Id. 155, 167.
Many authorities, including Illinois cases, are cited in
Cyc. supporting these propositions.

The question is whether this amendment should be
construed to effect this action which was pending at
the time of its enactment, and in which appellee had
performed every act required of her in compliance
with the then existing statutes, and was before the
amendment was enacted entitled to a judgment in her
favor. Section 4 of our Statutes Act, ch. 131 (J. & A.
¶ 11105) provides:

"No new law shall be construed to repeal a former
law, * * * as to any act done, * * * or any
right accrued, or claim arising under the former law,
or in any way whatever to affect any * * * act so
committed or done, * * * or any right accrued, or
claim arising before the new law takes effect, save only
that the proceedings thereafter shall conform, so far
as practicable, to the laws in force at the time of such
proceeding. * * * This section shall extend to all
repeals, either by express words or by implication,
whether the repeal is in the act making any new provi-
sion upon the same subject or in any other act."
This statute was considered in *Merlo v. Johnston City
& Big Muddy Coal Mining Co.*, 258 Ill. 328, and many
authorities of this and other States discussed and re-
viewed. We think that case is authority for the posi-
tion that a right accrued to or a claim arose in favor
of appellee under the former law, and to give this
amendment effect in this case would be to affect an act
done by her or a right accrued to her under the old law
in violation of said section. The rule is that legisla-

tive acts operate only in the future and are never to be given a retrospective effect if susceptible of any other construction. Such an intention is not to be presumed, but must be manifested by clear and unequivocal language. An, ordinance providing that it will "hereafter" be unlawful to erect certain buildings was held not to apply to one begun under a permit before the ordinance went into effect. *Barrett Mfg. Co. v. City of Chicago, supra.* It seems that in the absence of statutory provision affecting retroactive laws, such laws will not be applied by the courts to pending actions or proceedings whenever such application would work injustice, as by cutting off rights which parties were entitled to under the prior law, subjecting a party to new disabilities, rendering void proceedings valid when taken, and abating an action properly commenced in requiring steps not necessary under the former law. 36 Cyc. 1215, 1216; *Murphy v. Boston & M. R. R.,* 77 N. H. 573, 94 Atl. 967; *Dickinson v. Lovell,* 36 N. H. 364. In the latter case the court said:

"In cases where the Legislature have unquestionable power under the Constitution to take away or substantially modify the remedy in a pending suit, it is generally impolitic and unjust to exercise the power. When the plaintiff commences his action he relies, and has reason to rely, on the remedy which the existing law gives him in the form of action which he has chosen, and it is an established maxim in the construction of statutes that the lawgiver will not be presumed to intend that the law should in any way affect the remedy in a pending suit unless the intention is very clearly expressed."

See also *Auditor General v. Chandler,* 108 Mich. 569, 66 N. W. 482; *Clark v. Hall,* 19 Mich. 356; *Smith v. Humphrey,* 20 Mich. 398; *People v. Monroe County Sup'rs,* 36 Mich. 70. An examination of the authorities cited will show that they do not rest on the ground that a party to an action has a property right or a vested

right in a law, or ordinance, or mode of procedure but on other and different grounds. We are of the opinion that the amendment to the statute here in question does not apply to this pending action; therefore it is immaterial whether it is or not constitutional.

As we have before said, it does not appear that any constitutional question was presented to or decided by the trial court. We are of opinion that no such question is material in the decision of this case. Appellants argue that their demurrer to the petition should have been sustained for reasons not suggested or considered on the former appeal. We see no reason to change the conclusion reached by us on that hearing, but we have no power to review that decision. We then held the petition good and in compliance with the statute existing at the time it was filed and judgment entered in the trial court thereon. We cannot sit to review our own decisions. If that decision was erroneous because of failure of counsel to suggest or of this court to consider reasons in support of the demurrer, it is now past our power to control.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*