OAKWOOD FARMS ASSOCIATES v OXFORD TOWNSHIP

Docket No. 54689. Submitted May 13, 1981, at Lansing.—Decided July 7, 1981.

Oakwood Farms Associates, a limited partnership, is a nonresident owner of a 140-acre parcel of land in Oxford Township, Michigan. The Oxford Leader, the local newspaper, published notices that the Oxford Township board of review would meet on March 4, 5, 10, and 11, 1980, to hear 1980 assessment appeals. In a letter dated March 13, 1980, Oakwood Farms notified the Oxford Township assessor that it was appealing the 1980 assessment for its real property. Oakwood Farms subsequently filed a petition with the Michigan Tax Tribunal protesting the assessment. The Tax Tribunal granted accelerated judgment to the township on the basis that it lacked subject matter jurisdiction and that the protest was not timely filed. Oakwood Farms appeals alleging that the first Monday of April should be regarded as the deadline for a timely protest and that even if the protest was not timely, the board of review waived the procedural requirement of timeliness by stating that the board of review discussed Oakwood Farms' appeal of 1980 assessments in detail and denied appeal for five reasons. *Held:*

1. The protest was filed untimely. The petitioners must appear on one of the four statutorily established meeting dates and be heard by the board of review for there to be a sufficient protest. As long as the board of review fulfills the statutory public meeting requirements a protest to be timely must be brought to the board's attention within the time frame of those public meetings.

2. The fact that the board of review was considerate enough to proceed to review the protest on the merits does not negate the board's decision to deny the protest because it was filed untimely.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation §§ 810, 811.
[2-4] 72 Am Jur 2d, State and Local Taxation §§ 782, 802, 802.

1. TAXATION — REAL PROPERTY ASSESSMENT — BOARDS OF REVIEW — STATUTES.

A petitioner must first protest an assessment before the local board of review before the Tax Tribunal may acquire jurisdiction over a petition challenging the assessed valuation of real property (MCL 205.735[1]; MSA 7.650[35][1]).

2. TAXATION — REAL PROPERTY ASSESSMENT — BOARDS OF REVIEW.

A petitioner challenging the valuation of real property must appear on one of the four statutorily established meeting dates and be heard by the local board of review for there to be a sufficient protest.

3. TAXATION — BOARDS OF REVIEW — REAL PROPERTY ASSESSMENT.

A protest of the assessed valuation of real property to be timely must be brought to the attention of the local board of review within the time frame of the public meeting requirements as long as the board of review fulfills the statutory public meeting requirements.

4. TAXATION — BOARDS OF REVIEW — REAL PROPERTY ASSESSMENT.

The procedural requirement of timeliness in a protest of real property assessed valuation is not waived by the board of review proceeding to review the protest on the merits where the board specifically states as one of its reasons for denying the protest that the statutory reasons for filing an appeal with the local board of review were not met.

*Williams, Schaefer, Ruby & Williams, P.C.,* for petitioner.

*Siudara, Rentrop, Martin & Balmer,* for respondent.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Is a letter sent by mail to the township board of review by a nonresident owner of real property protesting the township's assessment of said property pursuant to MCL 211.30; MSA 7.30 timely so as to confer jurisdiction upon the Tax Tribunal to hear an appeal from such assessment as required by MCL 205.735(1); MSA

7.650(35)(1), where the letter of protest was mailed and received subsequent to the dates announced in the local newspaper on which the board of review would meet to hear protests but is nevertheless received by the board of review prior to the first Monday in April which is the statutory deadline for completion of assessment reviews? On November 4, 1980, the Tax Tribunal entered an order answering this question in the negative.[1] From that order, petitioner appeals of right.

Petitioner is a nonresident owner of a 140-acre parcel of land in Oxford Township. Notices were published in the Oxford Leader announcing that the Oxford Township board of review would meet on March 4, 5, 10, and 11, 1980, to hear 1980 assessment appeals on real and personal property in the township. In a letter dated March 13, 1980, appellant, through its attorneys, notified the Oxford Township assessor that it was appealing the 1980 assessment. Before the Tax Tribunal may acquire jurisdiction over a petition challenging the valuation of property, the petitioner must first protest the assessment before the local board of review. Section 35 of the Tax Tribunal Act provides in pertinent part:

"Sec. 35. (1) A proceeding before the tribunal shall be original and independent and shall be considered *de novo*. In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire juris-

---

[1] "It appearing to the tribunal that respondent's motion is meritorious in that petitioner did not timely protest its assessment before the board of review, and

"It further appearing that petitioner has not met the jurisdictional requirements mandated in TTA 35(1), therefore

"It is ordered that respondent's motion for accelerated judgment be and is hereby granted and the above-captioned cause be and is hereby dismissed."

diction of the dispute, except that for the 1976 tax year only in a county whose state equalized valuation set by the state tax commission exceeds its assessed valuation and its equalized valuation set by the county board of commissioners for that year by at least 10%, a taxpayer may appeal directly to the tax tribunal." MCL 205.735(1); MSA 7.650(35)(1), as amended 1976 by 1976 PA 365.

Respondent contends that the protest must be timely to vest jurisdiction in the tribunal. Respondent defines "timely" as a protest made before the board of review completes the meetings it is required to hold under §§ 29, 30, and 30a of the act. MCL 211.29; MSA 7.29, as amended by 1978 PA 124, MCL 211.30; MSA 7.30, MCL 211.30a; MSA 7.30(1). *Northwoods Apartments v City of Royal Oak,* 98 Mich App 721; 296 NW2d 639 (1980), lends support to appellee's position. The implication of that decision is that the petitioner must appear *on one of the four statutorily established meeting dates* and be heard by the board of review for there to be a sufficient protest. This Court stated as follows:

"One cannot satisfy the requirement of protest by appearing when the board is hearing another case and seeking to be heard immediately. Furthermore, the board is not required to seek out a taxpayer who chooses not to keep his appointed date. The Tribunal's determination that petitioner did not protest before the local board of review in 1977 so as to invoke the Tribunal's jurisdiction as to that tax year was without error." *Northwoods Apartments,* 734.

As long as the board of review fulfills the statutory public meeting requirements, it is our opinion that a protest to be timely must be brought to the board's attention within the time frame of those

public meetings. If a resident is required to appear in person on one of the specified hearing dates, it follows that a nonresident, who is not required to appear personally,[2] must at least file a letter of protest before the completion of the last public hearing. The last hearing was scheduled to be held March 11, 1980. Appellant's protest letter is dated March 13, 1980.

Appellant's argument that the first Monday of April should be regarded as the deadline for a timely protest is unpersuasive. Section 30a of the act merely establishes a date by which all boards of review must have completed their review of assessments. That section states that all reviews "shall be completed on or before the first Monday in April".[3] If this provision were read to allow protest any time up until the first Monday in April, a board could not fulfill its statutory duty imposed by § 30a. Every property taxpayer who wished to protest could then demand to be heard on the last day, effectively keeping a board from meeting its deadline for completing this review.

There remains one argument to address. It is claimed that, even if the protest was not timely, the board of review waived the procedural requirement of timeliness by sending the letter dated March 28, 1980, stating that the letter of March 13 was presented to the board of review which "discussed your appeal of 1980 assessments in detail" and denied appeal for five reasons. We disagree. The first of the five stated reasons for rejection was that the "statutory reasons for filing an appeal with the local board of review were not

---

[2] Section 30 allows a nonresident taxpayer to file a protest by letter and no personal appearance is required. MCL 211.30; MSA 7.30.

[3] We note that this Court erred in *Northwoods Apartments, supra,* in stating in the first line of page 734 that § 30a provides that the local board of review "shall" meet on the first Monday in April.

met". The fact that the board of review was considerate enough to proceed to review the protest on the merits does not negate the board's decision to deny the protest because it was filed untimely.

In conclusion, we find the protest was filed untimely and that the Tax Tribunal did not err in granting accelerated judgment to respondent for lack of subject matter jurisdiction pursuant to MCL 205.735(1); MSA 7.650(35)(1).

Affirmed. No costs, a public question being involved.