POLLACK v SOUTHFIELD TOWNSHIP

Docket No. 94354. Submitted February 12, 1987, at Detroit. Decided
March 21, 1988.

Arthur Pollack petitioned the Tax Tribunal for a review of a
property tax assessment by Southfield Township. He admitted
that he had not protested the assessment to the Southfield
Township Board of Review but claimed that the protest require-
ment did not apply because the board of review failed to meet
for the minimum time required by the General Property Tax
Act. The Tax Tribunal found that it did not have jurisdiction
and dismissed. Pollack appealed.

The Court of Appeals *held:*

Petitioner did not present evidence that there was prejudice
to his right to a hearing because the schedule of meetings of
the board of review did not meet the requirements of the
General Property Tax Act. Therefore, the Tax Tribunal did not
abuse its discretion in dismissing the petition.

Affirmed.

TAXATION — JURISDICTION — TAX TRIBUNAL.

A tax assessment must ordinarily be protested before the taxing
authority's board of review for the Tax Tribunal to acquire
jurisdiction of any appeal of the assessment (MCL 205.735[1];
MSA 7.650[35][1]).

*Gary Pollack,* for petitioner.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton*
(by *Gerald A. Fisher*), for respondent.

Before: DANHOF, C.J., and WEAVER and J. M.
BATZER,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 704 *et seq.*; 787.

Estoppel of state or local government in tax matters. 21 ALR4th
573.

See also the annotations in the Index to Annotations under Taxes.

J. M. Batzer, J. Petitioner appeals as of right from a July 21, 1986, order of the Michigan Tax Tribunal dismissing his petition for review of a property tax assessment. The sole issue on appeal is whether petitioner's failure to protest the assessment before the respondent township's board of review deprives the Tax Tribunal of jurisdiction to review the assessment. We find that it does, and affirm the Tax Tribunal's order of dismissal.

On April 18, 1986, petitioner filed a petition for a review of a property tax assessment with the small claims division of the Tax Tribunal, contending that the respondent had assessed his residential property at more than fifty percent of its true cash value. Petitioner admitted that he had not protested the assessment to the respondent's board of review in accordance with MCL 205.735(1); MSA 7.650(35)(1), but claimed that the protest requirement did not apply because the board of review failed to meet for the minimum time required by the General Property Tax Act, MCL 211.30; MSA 7.30. In its answer to the petition, respondent submitted a copy of the assessment notice issued to petitioner which contained the dates and times of the board of review meetings, as follows:

> Mon. March 10, 1986
>> 9:00 A.M. to 12:00 noon; 2:00 P.M. to 5:00 P.M.
> Tue. March 11, 1986
>> 9:00 A.M. to 12:00 noon; 2:00 P.M. to 5:00 P.M.
> Wed. March 12, 1986
>> 2:00 P.M. to 5:00 P.M.; 6:00 P.M. to 9:00 P.M.

Petitioner claims that the meeting times violate MCL 211.30; MSA 7.30 in two respects.[1] First,

---

[1] The text of MCL 211.30; MSA 7.30 reads in part as follows:

(1) The board of review shall also meet at the office of the

petitioner asserts that the meeting schedule violates the statutory requirement that one session commence at 3:00 P.M. Second, petitioner contends that, even if the March 12, 1986, session commencing at 2:00 P.M. were used to satisfy the 3:00 P.M. starting time requirement, the schedule would still violate the statute because that session does not continue for six hours commencing at 3:00 P.M. Petitioner argues that, since the statute's meeting requirements are mandatory, *Caledonia Twp v Rose,* 94 Mich 216, 218; 53 NW 957 (1892), this Court should remand his case to the Tax Tribunal for trial on the merits or with direction that judgment be entered voiding the assessment.

Petitioner does not specifically address the issue of due process in his brief on appeal. However, we may assume that petitioner's claim of exemption from the statutory protest requirement is based upon the proposition that respondent's alleged violation of MCL 211.30; MSA 7.30 denied him his constitutional right to notice and an opportunity to be heard. Essential to a claim of violation of due process is a showing of injury arising from the violation.

---

supervisor on the second Monday in March at 9 A.M., and continue in session during the day and the day following and shall meet in session for not less than 6 hours each day. Persons or their agents who have appeared to file a protest before the board of review on or before the Tuesday following the second Monday in March or at a scheduled appointment shall be afforded an opportunity to be heard by the board of review. The board of review shall schedule a final meeting whenever the board makes a change in the assessment of property or adds property to the assessment roll. In townships having a population of 10,000 or more, the board shall hold at least 1 of its required sessions for review of assessment rolls beginning at 3 P.M.

(2) A board of review shall continue its sessions at least 6 hours each day, and at the request of any person whose property is assessed thereon or of his or her agent, and on sufficient cause being shown, shall correct the assessment as to such property, in such manner as in their judgment will make the valuation thereof relatively just and equal.

Thus, where a taxpayer appeared at a set time and place to protest his assessment, but was informed that the meeting had been adjourned and would not be reconvened for his appeal, our Supreme Court foreclosed the township from collecting the tax, holding that the taxpayer had been deprived of his "day in court" before the board of review:

> The provision of the statute requiring the board to meet upon the days named is mandatory, and it cannot deprive the tax-payer of his hearing there, and thereby force him to a suit at law to obtain redress. Defendant was entitled to assume that the board would remain in session the full length of time provided by the statute, and to arrange to be present any day he chose. [*Caledonia Twp, supra,* p 218.]

See also *Hampton Twp v Wespinter,* 185 Mich 29, 32; 151 NW 643 (1915) (failure to post information regarding adjournment wrongfully deprived taxpayer of right to hearing); *Auditor General v Chandler,* 108 Mich 569; 66 NW 482 (1896) (unannounced adjournment invalidated tax assessment where taxpayer appeared at appointed time and place, even where board of review offered to schedule an appointment for taxpayer).

In the instant case, petitioner has not presented this Court with any evidence that the township's alleged noncompliance with the statutory meeting requirement deprived him of his right to a hearing regarding his tax assessment. There is no evidence that the board's meeting schedule thwarted petitioner's attempts to enter a protest. Moreover, there is no evidence that petitioner either attempted to appear or sought an appointment before the board within the statutorily mandated

time. Where petitioner can make no showing of prejudice as a result of the board's meeting schedule, we will not hold that the Tax Tribunal abused its discretion in dismissing his petition. See *Stevens v Bangor Twp,* 150 Mich App 756, 761; 389 NW2d 176 (1986) (Tax Tribunal decisions reviewable for abuse of discretion).

Affirmed.