# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTIN WISE,

        Petitioner-Appellant,

v

CITY OF HOLLAND,

        Respondent-Appellee.

UNPUBLISHED
May 12, 2016

No. 327450
Tax Tribunal
LC No. 14-001385

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

In this case involving a challenge to a property tax assessment, petitioner appeals as of right the final order and judgment of the Michigan Tax Tribunal (MTT) that determined the value of petitioner's property in Holland, Michigan for the 2014 tax year. Because petitioner was afforded due process and the MTT's determination of value was supported by competent, material and substantial evidence, we affirm.

Petitioner is a nonresident owner of a residential rental property in Holland, Michigan, which she purchased in 2013 for $98,000. For the 2014 tax year, respondent valued the property at $125,800, resulting in a taxable value (TV) of $62,900. Petitioner submitted a written protest to the March Board of Review (MBOR) within the statutory timeframe for MBOR meetings set by MCL 211.30, but the MBOR did not consider her protest because it had concluded its proceedings before the time period set by MCL 211.30. Petitioner then appealed to the MTT to challenge the calculation of her property's true cash value (TCV) and TV. Recognizing that its MBOR meeting requirements did not fully comply with MCL 211.30, respondent did not dispute petitioner's right to appeal, and her claim was heard by a hearing referee in the small claims division of the MTT.

During these proceedings, petitioner alleged that her property's fair market value was the $98,000 purchase price, meaning that her TV should be set at $49,000. In comparison, respondent maintained that the property's TV had been properly calculated at $62,900 with a TCV of $125,800. In support of its proposed valuation, respondent offered an appraisal of the property, which employed two valuation approaches: a cost approach and a sales approach. Petitioner attempted to present documentary evidence in support of her position, including evidence of recent sales in the area; but this evidence was excluded by the hearing referee because petitioner failed to serve the documents on respondent 21 days before the hearing as

-1-

required by Mich Admin Code R 792.10287. Following the hearing, which included testimony from petitioner,[1] the hearing referee adopted respondent's calculation of value in a proposed opinion and judgment, determining that the property's TCV was $125,800.

Petitioner filed exceptions to the proposed opinion and judgment, faulting the hearing referee for (1) excluding petitioner's evidence and (2) failing to consider that, by not complying with MCL 211.30, the MBOR proceedings deprived petitioner of her due process right to be heard. Following consideration of petitioner's exceptions, the MTT issued its final opinion and judgment, which incorporated the findings of fact and conclusions of law from the hearing referee's proposed opinion and judgment, resulting in a TV of $62,900 and TCV of $125,800. In addition, the MTT addressed petitioner's concerns regarding the MBOR meetings and the exclusion of her evidence. First, regarding the MBOR meetings, the MTT concluded that it lacked jurisdiction to decide a constitutional due process question, but that, in any event, any potential error arising from the MBOR proceedings was cured by the MTT's de novo review. Second, regarding valuation, the MTT held that petitioner's evidence was properly excluded under Mich Admin Code R 792.10287. Nonetheless, the MTT then considered petitioner's documentary evidence, and still concluded that the property had a TCV of $125,800. Petitioner then moved for reconsideration, which the MTT denied. Petitioner now appeals as of right.

On appeal, petitioner argues that the MBOR's failure to comply with MCL 211.30, and its refusal to consider her protest, violated due process and denied her a meaningful opportunity to be heard. According to petitioner, this error was compounded, rather than cured, by the MTT proceedings because the hearing referee improperly excluded her documentary evidence, again denying petitioner an opportunity to be heard. Finally, petitioner challenges the MTT's determination of value, asserting that the MTT failed to conduct an independent review and that the MTT's decision was not supported by competent, material, and substantial evidence. In particular, petitioner argues that the MTT should have considered an income approach to valuation. She also disparages respondent's appraisal and she discusses the importance of the property's various features. Overall, petitioner maintains that the MTT should have relied on the purchase price as well as petitioner's sales evidence to reach a TCV of $98,000. We disagree.

"Absent fraud, this Court's review of a MTT decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle." *Meijer, Inc v City of Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000). "The tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence." *Id.* Statutory interpretation poses a question of law, which this Court reviews de novo. *Lee v Smith*, 310 Mich App 507, 509; 871 NW2d 873 (2015). Likewise, constitutional questions, such as whether a party was afforded due process, are reviewed de novo. *Brooks Williamson & Assoc, Inc v Mayflower Const Co*, 308 Mich App 18, 32; 863 NW2d 333 (2014).

## I. MBOR PROCEEDINGS

---

[1] Because the matter was heard before the small claims division, no formal transcript of the proceedings was made. See Mich Admin Code R 792.10265(1).

We first consider petitioner's contentions that, by concluding its meetings on March 7, the MBOR failed to comply with MCL 211.30 and that this statutory violation deprived her of an opportunity to be heard on her tax assessment protest. Relevant to petitioner's argument, "[t]he owner of real property is entitled to the protection of constitutional due process with respect to the assessment and collection of property taxes." *Spranger v City of Warren*, 308 Mich App 477, 483-484; 865 NW2d 52 (2014). "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). At a minimum, due process requires notice along with an "opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995).

The General Property Tax Act (GPTA) "provides a comprehensive system for the assessment of property for ad valorem tax purposes and the collection of those taxes." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 530; 817 NW2d 548 (2012). "It also provides for the administration of the system." *Id.* Under this system, the error-correcting powers of the MBOR are set forth in MCL 211.29 and MCL 211.30. *Mich Props*, 491 Mich at 534. These provisions "specify when a local board of review must meet and what business it must conduct at those times." *AERC of Mich, LLC v Grand Rapids*, 266 Mich App 717, 722; 702 NW2d 692 (2005). In particular, MCL 211.29 states in part that:

> (1) On the Tuesday immediately following the first Monday in March, the board of review of each township shall meet at the office of the supervisor, at which time the supervisor shall submit to the board the assessment roll for the current year, as prepared by the supervisor, and the board shall proceed to examine and review the assessment roll.

After this review of the tax roll following the first Monday in March, the board then meets again on the second Monday in March to hear taxpayer protests as set forth in MCL 211.30, in relevant part, as follows:

> (1) Except as otherwise provided in subsection (2), the board of review shall meet on the second Monday in March.[2]
>
> ***
>
> (3) The first meeting of the board of review shall start not earlier than 9 a.m. and not later than 3 p.m. and last for not less than 6 hours. The board of review shall also meet for not less than 6 hours during the remainder of that week. Persons or their agents who have appeared to file a protest before the board of review at a scheduled meeting or at a scheduled appointment shall be afforded an opportunity to be heard by the board of review. . . . The board of review shall hold at least 3

---

[2] By ordinance or resolution adopted by the City's governing body, the MBOR may instead meet starting on the Tuesday or Wednesday following the second Monday of March. MCL 211.30(2).

hours of its required sessions for review of assessment rolls during the week of the second Monday in March after 6 p.m.

(4) A board of review shall meet a total of at least 12 hours during the week beginning the second Monday in March to hear protests. . . . A nonresident taxpayer may file his or her appearance, protest, and papers in support of the protest by letter, and his or her personal appearance is not required. . . .

The statutory meeting requirements in MCL 211.29 and MCL 211.30 are mandatory, as evinced by the Legislature's statement that the MBOR "*shall* meet" as set forth in those provisions. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002) ("The phrases 'shall' and 'shall not' are unambiguous and denote a mandatory, rather than discretionary action."). See also *Auditor Gen v Chandler*, 108 Mich 569, 571-572; 66 NW 482 (1896). In light of these statutory provisions, taxpayers are "entitled to assume that the board [will] remain in session the full length of time provided by the statute," and taxpayers cannot be deprived of an opportunity to be heard in keeping with the statutory requirements. *Auditor Gen*, 108 Mich at 571-572; *Twp of Caledonia v Rose*, 94 Mich 216, 218; 53 NW 927 (1892). See also *Pollack v Southfield Twp*, 167 Mich App 323, 326; 421 NW2d 676 (1988). Given the MBOR's obligation to abide by these meeting requirements, to be considered timely, a protest must be brought to the board's attention within the statutory timeframe for the public meetings. See *Oakwood Farms Assoc v Oxford Twp*, 107 Mich App 602, 605-606; 309 NW2d 685 (1981).

In this case, consistent with MCL 211.29 and the Holland City Charter, the MBOR met on the Tuesday following the first Monday in March, for a total of four days on March 4, 5, 6, and 7 of 2014.[3] However, the MBOR did not hold meetings on the second Monday of March or any other day that week, which would have been the week beginning on March 10, 2014. Thus, it appears that the Holland MBOR failed to comply with MCL 211.30.[4] Moreover, respondent submitted her nonresident written protest to the MBOR on March 10, within the statutory timeframe for MBOR meetings, meaning that her protest may be considered timely, *Oakwood Farms Assoc*, 107 Mich App at 605-606, and the MBOR's early conclusion of its meetings, and its refusal to consider petitioner's timely nonresident protest, improperly deprived petitioner of

---

[3] The City of Holland Charter, Chapter 10, § 10.6 states: "The board of review shall meet on the first Tuesday following the first Monday in March in each year at such place as shall be designated by the council, and shall continue in session from day to day, for the purpose of considering and correcting the roll, for four days, and as much longer as may be necessary. . . ."

[4] We note that "the provisions of the GPTA are applicable to cities only insofar as the act does not conflict with a charter provision or ordinance enacted by the municipality." *AERC of Mich*, 266 Mich App at 722. In other words, "if a conflict exists between the GPTA and the city charter, the charter governs." *Booker v Detroit*, 469 Mich 892; 668 NW2d 623 (2003). See also MCL 211.107. However, in this case, respondent does not assert that there is a conflict between its charter and the GPTA requirements. In fact, respondent offers no argument on appeal to justify its failure to comply with MCL 211.30, and respondent indicates that steps have been taken to amend the MBOR procedures going forward.

an opportunity to be heard by the MBOR. See MCL 211.30(4); *Twp of Caledonia*, 94 Mich at 218. Cf. *Pollack*, 167 Mich App at 326-327.

However, even accepting that the MBOR violated MCL 211.30 and deprived petitioner of an opportunity to be heard before the MBOR, this error does not entitle petitioner to relief on appeal given the de novo review afforded to her by virtue of the MTT's consideration of her assessment. That is, as a general proposition, depending on the circumstances, the availability of a remedy for an error, such as subsequent review by another entity or an opportunity for rehearing, may satisfy due process. See, e.g., *Georgetown Place Co-op v City of Taylor*, 226 Mich App 33, 52; 572 NW2d 232 (1997). See also *Elba Twp v Gratiot Co Drain Com'r*, 493 Mich 265, 285-286; 831 NW2d 204 (2013). In the context of property tax assessments in particular, the March meetings held by the MBOR are not a taxpayer's last opportunity to challenge an assessment. Rather, taxpayers are also afforded an opportunity for review by the MTT.[5] See MCL 205.735a(2). A proceeding before the MTT "is original and independent and is considered de novo." MCL 205.735a(2). See also *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011). Further, hearings before the MTT are conducted in such a manner—allowing for the presentation of evidence and arguments—so as to ensure that a petitioner is afforded due process. *Georgetown Place Co-op*, 226 Mich App at 52. By virtue of these de novo proceedings, the MTT can provide a petitioner with the procedural due process denied by the MBOR and the MTT is thus in a position to cure an earlier constitutional error by the MBOR. See *Spranger*, 308 Mich App at 484-485.[6] Consequently, in

---

[5] Failure to protest before the MBOR in fact deprives the MTT of jurisdiction to review an assessment, MCL 205.735a(3); *Pollack*, 167 Mich App at 324, and parties cannot agree to confer jurisdiction on a court, *Hillsdale Co Sr Servs, Inc v Hillsdale Co*, 494 Mich 46, 51 n 3; 832 NW2d 728 (2013). For this reason we think it necessary to note that, although the MBOR did not actually consider petitioner's protest, this did not deprive the MTT of jurisdiction in this case because, as discussed, petitioner in fact brought her protest within the timeframe prescribed by statute, meaning that she protested before the MBOR as required to confer jurisdiction on the MTT. Had the MTT refused to hear her protest on the grounds that she failed to protest before the MBOR, thus leaving petitioner without a remedy, she might have had some cause for complaint on appeal. Cf. *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 243; 477 NW2d 492 (1991).

[6] We note that, in *Spranger*, following a due process violation by the MBOR, the petitioner had a hearing before the MTT regarding her application for a tax exemption, but on appeal this Court nonetheless found it necessary to remand for a *second* hearing before the MTT. *Spranger*, 308 Mich App at 478-479, 481-482, 485. In particular, in *Spranger* the MBOR failed to give the petitioner notice, thereby depriving her of an opportunity to appear and to present evidence to supplement her application for an exemption. See *id.* at 478, 481-482. Before the MTT, the respondent objected to the petitioner's presentation of evidence beyond that considered by the MBOR and the MTT based its decision on the petitioner's application originally submitted to the MBOR. See *id.* at 478-479, 481-482. In these circumstances, this Court found it necessary to afford the petitioner a second hearing before the MTT, including an opportunity to supplement her original application and to present new evidence. *Id.* at 485. Unlike in *Spranger*, in this

this case, we conclude that the de novo MTT proceedings afforded petitioner a meaningful opportunity to be heard by an impartial decisionmaker, and these proceedings were sufficient to guarantee due process and cure any error by the MBOR. See *id.*; *Georgetown Place Co-op*, 226 Mich App at 52-53.

## II. MTT EXCLUSION OF PETITIONER'S EVIDENCE

Petitioner next contends on appeal that the MTT proceedings cannot have cured the MBOR's error in this case because the hearing referee improperly excluded petitioner's documentary evidence, thereby again denying her a meaningful opportunity to be heard. Insofar as petitioner challenges the hearing referee's evidentiary decision, her claim is clearly without merit. In proceedings before the small claims division, Mich Admin Code R 792.10287(1) provides the hearing referee with the discretion to exclude evidence when, as in this case, a party has not served the opposing party with the evidence 21 days before the hearing date. See also *Kok v Cascade Charter Twp*, 255 Mich App 535, 544; 660 NW2d 389 (2003) (considering former version of a comparable rule). Thus, as an evidentiary matter, the exclusion of petitioner's evidence was not improper. *Id.*; Mich Admin Code R 792.10287(1).

There is likewise no merit to petitioner's assertion that the exclusion of this evidence violated her right to due process. As noted, due process requires notice and an opportunity to be heard in a meaningful time and manner. *Spranger*, 308 Mich App at 483. However, due process does not excuse litigants from their obligation to "comply with established rules of procedure and evidence designed to assure both fairness and reliability." *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012). In this case, petitioner was afforded a hearing in the MTT and provided with an opportunity to be heard, including the opportunity to testify. In this context, the exclusion of her documentary evidence occasioned by her failure to comply with the evidentiary requirements does not amount to a deprivation of due process, particularly given the written notice petitioner received before the hearing detailing the rules for submission of evidence and the consequences for failing to serve evidence on the other party. In addition, while the hearing referee did not consider petitioner's documentary evidence, petitioner was afforded the opportunity after the hearing to challenge the referee's findings and rulings. Cf. *Georgetown Place Co-op*, 226 Mich App at 53. After petitioner filed exceptions to the hearing referee's decision, the MTT in fact considered petitioner's documentary evidence in its final opinion and judgment. On this record, petitioner plainly had the opportunity to present her valuation arguments and there is no merit to her due process claim.

## III. TRUE CASH VALUE

Finally, turning to the MTT's calculation of TCV, we conclude that the MTT's independent determination of TCV, based on a cost approach as supported by a sales approach, was supported by competent, material and substantial evidence. In particular, in Michigan, property is assessed at 50 percent of its TCV. Const 1963, art 9, § 3; MCL 211.27a(1). TCV

---

case, petitioner did not attempt to appear in person before the MBOR to supplement her written documentation and she was not limited in the MTT to the materials she presented to the MBOR. *Spranger* is thus distinguishable and it does not necessitate a second hearing by the MTT.

refers to "the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale, and not at auction sale . . . or at forced sale." MCL 211.27(1). In other words, TCV is synonymous with "fair market value." *WPW Acquisition Co v Troy*, 250 Mich App 287, 298; 646 NW2d 487 (2002). A petitioner bears the burden of establishing a property's TCV. MCL 205.737(3). Purchase price may be relevant to determining the value of a property, *Profl Plaza, LLC v Detroit*, 250 Mich App 473, 476; 647 NW2d 529 (2002); but there is no presumption that purchase price represents the property's TCV, MCL 211.27(6).

Indeed, there is no single statutorily required method for determining TCV. See *Great Lakes Div of Nat Steel Corp v Ecorse*, 227 Mich App 379, 390; 576 NW2d 667 (1998). Rather, the MTT must "apply its expertise to the facts of a case in order to determine the appropriate method of arriving at the true cash value of property, utilizing an approach that provides the most accurate valuation under the circumstances." *Id.* at 389. See also *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007). The MTT must make its own, independent determination of TCV, and it is free to accept or reject either party's valuations, or to combine the approaches. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389-390. Although not mandatory, the three most common approaches to valuation are: the capitalization of income approach, the sales comparison or market approach, and the cost less depreciation approach. *Id.* at 390.

In this case, respondent presented evidence of an appraisal employing both a cost approach and a sales approach. Using the sales approach, the appraiser determined petitioner's property to have a value of $126,000. Using a cost approach, and accounting for depreciation, the appraiser determined that petitioner's property had a market value of $125,800. In comparison, petitioner's assertion of valuation was supported by the purchase price of the property as testified to by petitioner and a sampling of purportedly comparable properties compiled by petitioner. The MTT conducted an independent review of this evidence and the documents presented, including the appraisal and property record card detailing the property's features. Based on this review, the MTT concluded that respondent's evidence of the cost approach coupled with the sales approach provided a reliable indicator of value. Thus, the MTT adopted the cost approach to arrive at a value of $125,800 as the property's TCV.

In arriving at this TCV, the MTT considered the purchase price evidence offered by petitioner, but correctly recognized that this was not presumed to be the property's TCV. See MCL 211.27(6). Further, the MTT reasoned that the purchase price should not be relied upon in this case because there was insufficient evidence regarding the terms of sale or market exposure of the property. In addition, while the hearing referee excluded petitioner's documentary sales evidence, the MTT ultimately considered this evidence in its final opinion and judgment, explaining that petitioner's attempt to provide evidence of comparable sales was unimpressive because, unlike respondent, petitioner provided market data without making necessary adjustments to the comparable properties. In its final opinion and judgment, the Tribunal explained its acceptance of respondent's sales evidence over petitioner's evidence as follows:

> Petitioner's sales evidence does not contain adjustments. Rather, it merely lists the features of the subject and the comparable. From this list, it is clear that adjustments would be required for square footage, bathroom count, and attached

versus detached garages. In addition, there are many other features of properties not reflected within Petitioner's evidence such as lot size, quality of construction, age, and condition, all of which could substantially affect the valuation if properly adjusted for. On the other hand, Respondent's sales comparison approach properly contains market based adjustments and indicates an adjusted price range from $115,600 to $153,700. The Tribunal finds that the sales used are comparable to the subject requiring relatively low gross adjustments. As such, the Hearing Referee properly found that Respondent's sales comparison approach supported the assessed true cash value.

On the whole, considering the evidence presented and the analysis by the MTT, the MTT's determination of value was supported by competent, material and substantial evidence. See *Meijer, Inc*, 240 Mich App at 5.

In contrast, despite the MTT's clear evaluation of the evidence and explanation for its determination of value, petitioner contends (1) that the MTT should have considered other methods of valuation, such as an income-capitalization method, (2) that the MTT should have accepted petitioner's contentions of value based on the purchase price and her sales evidence, and (3) that the MTT overlooked certain characteristics of the property and ignored errors in respondent's appraisal. These arguments are without merit. The MTT was not required to employ a specific valuation method, such as an income approach, and it was ultimately free to reject petitioner's assertions of value. See *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389-390; *President Inn Props, LLC,* 291 Mich App at 639. Indeed, to the extent petitioner now emphasizes various property characteristics and challenges the credibility of the appraisal, these issues regarding the weight and credibility of the evidence were for the MTT to decide. See *Drew v Cass Co*, 299 Mich App 495, 502; 830 NW2d 832 (2013). And, to the extent the MTT did not discuss particular property features, "there is no rule of law that requires the [MTT] to quantify every possible factor affecting value." *Great Lakes Div of Nat Steel Corp*, 227 Mich App at 398-399. Ultimately, while petitioner disagrees with the MTT's conclusions, the fact remains that the MTT independently reviewed the evidence presented and made a determination of value that was supported by competent, material and substantial evidence. See *Meijer, Inc,* 240 Mich App at 5. Thus, there is no basis for reversing the MTT's finding of value and petitioner is not entitled to relief.

Affirmed.


/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray